IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXIA WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO: |
| v. | ) _____ |
| | ) |
| GOODHIRE, LLC and | ) |
| CORELOGIC NATIONAL | ) JURY TRIAL DEMANDED |
| BACKGROUND DATA LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

PLAINTIFF ALEXIA WILLIAMS files this Complaint and states as follows:

1. Ms. Williams brings this action against Defendants GoodHire, LLC ("GoodHire") and CoreLogic National Background Data, LLC ("NBD") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting. To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information to employers use "reasonable procedures to ensure maximum

possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

3.  The FCRA provides special protections when a CRA furnishes "items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment." 15 U.S.C. § 1681k.  In these situations, CRAs must either: (1) notify the consumer of the release of the public record information at the time the information is furnished to the user; or (2) establish strict procedures to maintain complete and up-to-date public record information.

4.  NBD violated Sections 1681e(b) and 1681k of the FCRA when it published inaccurate public record information about Ms. Williams in an employment background report.  As a result of NBD's inclusion of this inaccurate information in a consumer report, Ms. Williams lost a job and suffered emotional distress.

5.  GoodHire violated Section 1681e(b) of the FCRA when it published inaccurate record information about Ms. Williams in an employment background report.  As a result of GoodHire's inclusion of this inaccurate information in a consumer report, Ms. Williams lost a job and suffered emotional distress.

6. Congress also sought to ensure that CRAs take appropriate action when they receive notice from a consumer that they have reported inaccurate information. In particular,

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A).

7. The FCRA also requires that, "If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation." 15 U.S.C. § 1681i(a)(6)(A).

8. The FCRA further requires that, "A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation

under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency."  15 U.S.C. § 1681i(a)(5)(A).

9. GoodHire violated the FCRA when it failed to conduct a reinvestigation, failed to delete the inaccurate information from Ms. Williams's file, and failed to notify Ms. Williams of the results of its reinvestigation.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendants regularly conduct business in this district and division and a substantial part of the events giving rise to the claims occurred in this district and division.

12. GoodHire has contracted to supply services or things in Georgia. It sells consumer reports in Georgia and produces consumer reports on Georgia residents. GoodHire also gathers and maintains substantial public records data from Georgia.

13. NBD has contracted to supply services or things in Georgia. It sells consumer reports in Georgia and produces consumer reports on Georgia residents. NBD also gathers and maintains substantial public records data from Georgia.

## PARTIES

14. Ms. Williams is a resident of Georgia. She also is a natural person and a "consumer" as protected and governed by the FCRA, 15 U.S.C. § 1681a(c).

15. GoodHire is a Nevada corporation that conducts business throughout the United States.

16. GoodHire is a reseller of consumer reports as defined by 15 U.S.C. § 1681a(u). It receives consumer reports directly from other CRAs, including NBD, and assembles and merges that information into reports that it sells to third parties.

17. At all relevant times hereto, GoodHire was a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

18. NBD is a Delaware corporation that conducts business throughout the United States.

19. NBD operates a unified consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. NBD

maintains an extensive database of public records regarding consumers. It then sells consumer reports generated from the database and furnishes these consumer reports to other reseller consumer reporting agencies that rebrand them and sell them to end-users.

20. At all relevant times hereto, NBD was a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

21. In 2015, Ms. Williams attended tax school with Barnes & Linder, Inc. ("BL") in order to obtain a job with BL as a tax specialist.

22. After completing school, Ms. Williams applied for a position as a tax specialist with BL in December 2015.

23. BL hired Ms. Williams as a tax specialist and planned to pay her at a rate of $10 per hour plus commissions.

24. Ms. Williams began working for BL in early January 2016.

25. Upon information and belief, BL then ordered a consumer report on Ms. Williams from GoodHire.

26. Upon information and belief, GoodHire ordered a consumer report from NBD about Ms. Williams.

27. The consumer report that NBD furnished to GoodHire was used or expected to be used or collected for the purpose of evaluating a consumer for employment purposes.

28. The consumer report that NBD furnished to GoodHire was created through NBD's "Criminal Offenders Profile Summary" ("COPS") database search.

29. Because NBD's COPS search generates consumer reports instantly from its own internal database at the time of a request, there is no opportunity for NBD to conduct an individualized search and verify from current public records that the information reported is accurate, complete, and up to date before the report is furnished to a reseller, such as GoodHire.

30. The consumer report that NBD furnished to GoodHire contained public record information likely to have an adverse effect on Ms. Williams's ability to obtain employment.

31. NBD did not provide Ms. Williams with notice of the fact that it was reporting adverse public record information about her at the time it furnished the information to GoodHire.

32. After receiving the consumer report from NBD, GoodHire assembled and merged the information received from NBD into a consumer report with GoodHire's own format, headings, and additional information.

33. GoodHire then sold a consumer report pertaining to Ms. Williams to BL.

34. GoodHire took no steps whatsoever to check the accuracy or completeness of the information in the consumer report it received from NBD before it furnished the consumer report to BL.

35. During the week of January 11, 2016, after receiving GoodHire's consumer report, BL's owner, Earnestine Linder, called Ms. Williams into an office and accused her of lying on her employment application. Ms. Linder told Ms. Williams that BL had obtained Ms. Williams's background report from GoodHire and it showed that Ms. Williams had been convicted of a felony, not a misdemeanor as Ms. Williams had disclosed on the employment application.

36. Ms. Linder told Ms. Williams that BL could not allow someone to work with its clients' taxes who had a felony conviction on their background report.

37. Once Ms. Williams was able to review GoodHire's background report, she discovered that GoodHire (and NBD) had reported that Ms. Williams had been convicted of a felony.

38. This information was incorrect. Ms. Williams had not been convicted of a felony.

39. GoodHire and NBD should have known that the information was inaccurate because the background report showed that the conviction occurred in Clayton County State Court, and Clayton County State Court does not handle felony cases.

40. Shortly thereafter, Ms. Williams obtained from Clayton County a copy of her record that showed that she had not been convicted of a felony, but rather a misdemeanor.

41. The following day, Ms. Williams brought the information to BL. Ms. Linder told Ms. Williams that she was still uncomfortable because the background report showed a felony and she could not allow Ms. Williams to work as a tax specialist, but she offered Ms. Williams a job handing out flyers to potential customers and dressing in costume to promote the business. The job paid $8 per hour.

42. Although the new job was demeaning and embarrassing for Ms. Williams, she had no choice but to accept it because she has four children at home, two of whom have special needs, and she needed to earn an income to care for her children.

43. Since she accepted the demotion, Ms. Williams has had her hours cut significantly by BL. Within the last several weeks, Ms. Williams's

hours with BL have been cut to zero, effectively terminating her employment.

44. On January 27, 2016, Ms. Williams, through her counsel, sent a letter to GoodHire in which she disputed the accuracy of the information that GoodHire reported.

45. To date, GoodHire has not taken any actions to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the item from the file, and it has not provided to Ms. Williams the notices required under 15 U.S.C. § 1681i(a)(6).

## FIRST CLAIM FOR RELIEF

## (15 U.S.C. § 1681e(b))

## (GoodHire and NBD)

46. Plaintiff realleges Paragraph Nos. 1-45 as if fully set forth herein.

47. GoodHire and NBD violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

48. GoodHire and NBD knew or should have known about their obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

49. GoodHire and NBD obtained or had available substantial written materials that apprised them of their duties under the FCRA.

50. Despite knowing of these legal obligations, GoodHire and NBD acted consciously in breaching their known duties and deprived Plaintiff of her rights under the FCRA.

51. GoodHire's and NBD's violations of the FCRA were willful, rendering them liable pursuant to 15 U.S.C. § 1681n. In the alternative, GoodHire and NBD were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

52. As a result of this conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## SECOND CLAIM FOR RELIEF

**(15 U.S.C. § 1681k)**

**(NBD)**

53. Plaintiff realleges Paragraph Nos. 1-45 as if fully set forth herein.

54. Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment purposes, and such information is likely to have an adverse effect on employment, the CRA must:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or

> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

55. NBD violated 15 U.S.C. § 1681k by failing to notify Plaintiff that it was reporting public record information about her at the time it furnished such information to GoodHire, and failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up to date.

56. NBD knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

57. NBD obtained or had available substantial written materials that apprised it of its duties under the FCRA.

58. Despite knowing of these legal obligations, NBD acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

59. NBD's violation of 15 U.S.C. § 1681k was willful, rendering NBD liable pursuant to 15 U.S.C. § 1681n. In the alternative, NBD was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

60. As a result of this conduct by NBD, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

### THIRD CLAIM FOR RELIEF

### (15 U.S.C. § 1681i)

### (GoodHire)

61. Plaintiff realleges Paragraph Nos. 1-45 as if fully set forth herein.

62. GoodHire violated 15 U.S.C. § 1681i by, among other things, failing to (1) "conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the

disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller" and (2) provide to Plaintiff the notices required under 15 U.S.C. § 1681i(a)(6).

63. GoodHire knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

64. GoodHire obtained or had available substantial written materials that apprised it of its duties under the FCRA.

65. Despite knowing of these legal obligations, GoodHire acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

66. GoodHire's violation of the FCRA was willful, rendering GoodHire liable pursuant to 15 U.S.C. § 1681n. In the alternative, GoodHire was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

67. As a result of this conduct by GoodHire, Plaintiff suffered actual damages including without limitation, by example only and as

described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. Declaring that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and their obligations under the FCRA;

b. Entering judgment for Plaintiff against Defendants for actual and/or statutory damages, punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

c. Such other and further relief against Defendants as may be just and proper, including but not limited to any equitable relief that may be permitted.

## DEMAND FOR JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: March 22, 2016

                                                  By: /s/ Andrew L. Weiner
                                                  Andrew L. Weiner
                                                  Georgia Bar No. 808278
                                                  Jeffrey B. Sand
                                                  Georgia Bar No. 181568
                                                  THE WEINER LAW FIRM LLC
                                                  3525 Piedmont Road
                                                  7 Piedmont Center, 3rd Floor
                                                  Atlanta, Georgia 30305
                                                  (404) 205-5029 (Tel.)
                                                  (404) 254-0842 (Tel.)
                                                  (866) 800-1482 (Fax)
                                                  aw@atlantaemployeelawyer.com
                                                  js@atlantaemployeelawyer.com

                                                  COUNSEL FOR PLAINTIFF